IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PHILLIPPI S. LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05CV1181-W |
| | ) | |
| RICHARD N. SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

In this action, plaintiff brings claims pursuant to 42 U.S.C. § 1983 asserting that the defendants have violated his rights to equal protection and due process. According to the complaint, plaintiff's claims arise from a vehicle accident which occurred in Florida. The defendants are Richard N. Smith (the driver of the other vehicle), Eloise Smith (alleged to have allowed Richard Smith to drive her vehicle while intoxicated), and Lillian Frieson (a passenger in and the owner of the vehicle plaintiff was driving at the time of the accident). See Exhibit 1 to Complaint. The Smiths reside in Florida, and Frieson resides in Alabama. (Complaint, ¶¶ 2-4).

The applicable venue statute provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b). It appears from the allegations of the complaint that venue is not proper in this district.

Additionally, to be entitled to relief under § 1983, the plaintiff must show that defendants deprived him of a right secured to him by the Constitution or federal law and that the deprivation occurred "under color of state law," *i.e.*, that the alleged actions are "'fairly attributable to the State.'" Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)(citations omitted). It appears that defendants in this case are private actors who were not engaged in activity "fairly attributable to the state."

Accordingly, it is

ORDERED that plaintiff is DIRECTED to show cause, on or before December 29, 2005, why this action should not be dismissed: (1) for improper venue; and (2) for lack of the state action required to support a claim under 42 U.S.C. § 1983.

DONE, this 15th day of December, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE