IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PHILLIPPI S. LOWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2:05CV1181-T |
| ) | |
| RICHARD N. SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this action, plaintiff brings claims pursuant to 42 U.S.C. § 1983 asserting that the defendants have violated his rights to equal protection and due process. According to the complaint, plaintiff's claims arise from a vehicle accident which occurred in Escambia County, Florida. The defendants are Richard N. Smith (the driver of the other vehicle), Eloise Smith (alleged to have allowed Richard Smith to drive her vehicle while intoxicated), and Lillian Frieson (a passenger and the owner of the vehicle plaintiff was driving at the time of the accident). See Exhibit 1 to Complaint. The Smiths reside in Florida, and Frieson resides in Alabama. (Complaint, ¶¶ 2-4).

The applicable venue statute provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b).

On December 15, 2005, the court issued an order directing plaintiff to show cause why this action should not be dismissed for improper venue and for lack of the state action required to support his § 1983 claims against the named defendants. (Doc. # 4). In response to the show cause order, plaintiff argues that he was "openly discriminated against by the (all white Officers present at the scene) Florida State Highway Patrol operating in their scope as State employees and who is [sic] defendants unknown to plaintiff but will be amended when ascertain [sic] showing proper venue, and the action of Florida State posses [sic] a jury question." (Doc. # 5). In a separate document, plaintiff argues that the defendants in this case (Richard N. Smith and Eloise Smith, residents of Florida) were not arrested for being on a "drinking alcohol and driving spree," but that "Monroeville Alabama Judge and citizen O. L. Biggs was arrested for allegedly drinking and driving in (on or about 2002, 2003), Pensacola Florida, and subject to all Florida States [sic] laws, media abuse, and etc., although he was not involved in auto accident," and that plaintiff was discriminated against by the state of Florida "because he is black and a citizen of Alabama." (Doc. # 6).

An amendment to the complaint to add claims against Florida State Highway Patrol officers would cure the original complaint's failure to allege state action by the defendants as required under 42 U.S.C. § 1983, but plaintiff still has not demonstrated that venue is proper in this district. Plaintiff suggests that he needs to conduct discovery in order to do so. However, regardless of the citizenship or residence of any defendant added to this action by amendment, or any discovery plaintiff may obtain, it remains apparent that venue does

not lie in this district. As is clear from the allegations of the complaint and plaintiff's response to the show cause order, jurisdiction in this action is not founded solely on diversity of citizenship.[1] The complaint presently names three defendants – two residing in Florida and one in Alabama. (Complaint, ¶¶ 2-4). Since all of the defendants do not reside in Alabama, plaintiff cannot rely on 28 U.S.C. § 1391(b)(1) to establish that venue is proper in this district. Additionally, venue is proper under § 1391(b)(3) in "a judicial district in which any defendant may be found," only "if there is no district in which the action may otherwise be brought." Thus, even assuming that defendant Frieson – a resident of Mobile – "may be found" in this district, venue will lie in this district under § 1391(b)(3) only if there is no other district in which venue is proper. 28 U.S.C. § 1391(b)(2) provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." According to the complaint, the events and omissions giving rise to plaintiff's claims all occurred in Escambia County, Florida, within the Northern District of Florida. See 28 U.S.C. § 89(a). Since this action may be brought in the Northern District of Florida, plaintiff cannot rely on § 1391(b)(3) to establish venue in this district.

Accordingly, it is

ORDERED that the Clerk is DIRECTED to provide this order to the defendants at the address provided by plaintiff for service of the summons and complaint, and that any defendant wishing to waive improper venue is DIRECTED to notify the court, in writing, on

---

[1] Plaintiff also alleges diversity jurisdiction (Complaint, p. 1), however he and defendant Frieson are both citizens of Alabama. (Complaint, ¶¶ 1, 4).

or before January 17, 2006.

Additionally, it is the RECOMMENDATION of the Magistrate Judge that – unless all defendants notify the court that they wish to waive any objection to venue – this action be DISMISSED for improper venue.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation on or before January 17, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 4th day of January, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE