IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| PHILLIPPI S. LOWE, Pro Se, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v, | * | Case No. 2:05-CV-1181-T |
| | * | |
| RICHARD N. SMITH, ELOISE M. SMITH and LILLIAN FRIESON, | * * | |
| | * | |
| Defendants. | * | |

**MOTION TO DISMISS**

COME NOW Defendants Richard N. Smith and Eloise M. Smith, and pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, request this Court to dismiss this lawsuit in its entirety against these Defendants, and as grounds for said Motion would show unto the Court as follows:

1. This lawsuit stems from an automobile accident that occurred on September 4, 2002, in Escambia County, Florida.

2. The Plaintiff claims jurisdiction of this Court under diversity of citizenship. However, the Plaintiff is an Alabama resident and Defendant Lillian Frieson is an Alabama resident, which defeats diversity of citizenship. Although, "[u]nder 28 U.S.C. §1332, Federal District Courts have original jurisdiction over all civil actions between…citizens of different states where the amount in controversy exceeds $75,000 [,] …the statute requires complete diversity between all plaintiffs and all defendants." Incorvaia v. Incorvaia, 2006 WL 14573 (11th Cir.2006)(Internal quotations and citations omitted)(first ellipsis in original, second ellipsis added). Because complete diversity is absent in this case, this Court does not have subject matter jurisdiction under 28 U.S.C. §1332.

3.      The lawsuit also claims jurisdiction by virtue of the First, Fourth, Fifth and Fourteenth Amendments. However, the Complaint fails to state claims against these Defendants under any of the listed Constitutional Amendments, and this court does not have subject matter jurisdiction under 28 U.S.C. §1331. The Eleventh Circuit has held that "in order to prevail on a civil rights action under §1983, a plaintiff must show that he or she was deprived or a federal right by a person acting under color of state law." Haynes v. Sacred Heart Hospital, F.E., 149 Fed.Appx.854, 855 (11th Cir. 2005). The Eleventh Circuit went on to specify that:

> State action requires both an alleged constitutional deprivation caused by the exercise of some right or privilege created by the States or by a rule of conduct imposed by the State or by a person for whom the State is responsible, and that the party charged with the deprivation must be a person who may fairly be said to be a state actor. This is a jurisdictional prerequisite. If we conclude there is no state action, we must dismiss the plaintiff's §1983 claim.

Id. (internal quotations and citations omitted). The plaintiff does not allege a constitutional violation by a State actor and, thus, fails to meet the jurisdictional prerequisite necessary to establish subject matter jurisdiction.

4.      The accident made the basis of this lawsuit occurred on September 4, 2002. Therefore, to the extent that the plaintiff brings any state law claims sounding in negligence or wantonness, such claims are barred by the applicable Statute of Limitations. See Ala.Code, §6-2-38 (specifying that the statute of limitations for negligence and wantonness claims is two years).

5.      Paragraph 11 of the Complaint fails to state how his due process and equal protection rights have been violated by these Defendants and fails to state valid claims against these Defendants upon which relief may be granted.

This Court does not have subject matter jurisdiction over the plaintiff's claims and, accordingly, all claims against these defendants are due to be dismissed.

WHEREFORE, Defendants Richard N. Smith and Eloise M. Smith request the court to dismiss this lawsuit against these Defendants in its entirety with prejudice.

Respectfully submitted,

/s/ Emily C. Marks
JAMES A. RIVES (RIV005)
EMILY C. MARKS    COO054
Attorneys for Defendants
Richard N. Smith and Eloise M. Smith

OF COUNSEL:

BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, AL 36102-2148
Telephone (334) 387-7680
Facsimile  (334) 387-3222

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system. The following person, not registered with the CM/ECF system, was served by U.S. mail:

Ms. Lillian Frieson
P.O. Box 794
Monroeville, Alabama 36461

Mr. Phillippi S. Lowe
P.O. Box 368
Evergreen, Alabama 36401

by placing same in the U.S. mail postage prepaid on January 13, 2006.

                                                ___/s/ Emily C. Marks_____
                                                OF COUNSEL