IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PHILLIPPI S. LOWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05CV1181-WKW |
| ) | (WO) |
| RICHARD N. SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff commenced this action on December 12, 2005, asserting equal protection and due process claims pursuant to 42 U.S.C. § 1983 against the defendants. Plaintiff's claims arise from a vehicle accident which occurred in Florida. The defendants are Richard N. Smith (the allegedly intoxicated driver of the other vehicle), Eloise Smith (alleged to have allowed Richard Smith to drive her vehicle), and Lillian Frieson (a passenger and the owner of the vehicle plaintiff was driving at the time of the accident). See Exhibit 1 to Complaint. The Smiths reside in Florida, and plaintiff and Frieson reside in Alabama. (Complaint, ¶¶ 1-4).

On December 15, 2005, the Magistrate Judge issued an order directing the plaintiff to show cause why this action should not be dismissed: (1) for improper venue; and (2) for failure to allege the state action required to support a claim under 42 U.S.C. § 1983. In his response to the show cause order, plaintiff argued that he was "openly discriminated against by the (all white Officers present at the scene) Florida State Highway Patrol operating in their

scope as State employees and who is [sic] defendants unknown to plaintiff but will be amended when ascertain [sic] showing proper venue, and the action of Florida State posses [sic] a jury question." (Doc. # 5). Plaintiff further argued, in a separate document, that the defendants in this case (Richard N. Smith and Eloise Smith, residents of Florida) were not arrested for being on a "drinking alcohol and driving spree," but that "Monroeville Alabama Judge and citizen O. L. Biggs was arrested for allegedly drinking and driving in (on or about 2002, 2003), Pensacola Florida, and subject to all Florida States [sic] laws, media abuse, and etc., although he was not involved in auto accident," and that plaintiff was discriminated against by the state of Florida "because he is black and a citizen of Alabama." (Doc. # 6). Plaintiff did not, in his response to the show cause order, address the venue issue as directed by the Magistrate Judge.

On January 4, 2006, the Magistrate Judge entered a recommendation that the case be dismissed on the basis of improper venue, unless all defendants notified the court that they wished to waive improper venue. Because it appeared that "[a]n amendment to the complaint to add claims against Florida State Highway Patrol officers would cure the original complaint's failure to allege state action by the defendants as required under 42 U.S.C. § 1983," the Magistrate Judge did not rest her recommendation for dismissal on plaintiff's failure to allege state action. (Doc. # 7).

Thereafter, defendant Frieson filed a notice indicating that she does not waive improper venue, and that she concurred in the Magistrate Judge's recommendation. The

2

plaintiff subsequently filed an objection to the recommendation in which he "demand[s] that Mrs. Lillian Frieson be dismiss from the above caption action to cure improper venue." (Doc. # 15). He further states that he "will amend diverse defendants A,B,C,D, name and address who are unknown at this time." Id. On January 13, 2006, defendants Richard and Eloise Smith filed a motion to dismiss (Doc. # 18), in which they contend that the plaintiff's claims are due to be dismissed for lack of jurisdiction, for failure to state a claim and as barred by the statute of limitations.

The court concludes that it does have subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The complaint filed in this court clearly asserts a claim in Count 1 pursuant to 42 U.S.C. § 1983 for violation of plaintiff's constitutional rights to due process and equal protection.

Upon review of this matter, the court has determined that dismissal is appropriate. It is clear that venue does not lie in this district. 28 U.S.C. § 1391(b). However, because plaintiff seeks to dismiss his claims against defendant Frieson and since the Smiths have not expressly raised the issue of improper venue,[1] the court will not rely on venue as a basis for dismissal but will instead reach the second issue raised in the Magistrate Judge's show cause order. In the show cause order, the court noted that it appeared from the allegations of the complaint that the defendants in this action are private actors who were not engaged in

---

[1] The Smiths' intentions in this regard are ambiguous. The court's order directed the Smiths to notify the court, in writing, if they wished to waive the issue of improper venue. They have not done so. However, they have filed a Rule 12(b)(6) motion in which venue is not addressed and, arguably, have waived it by operation of Rule 12.

activity "fairly attributable to the state" as required to sustain a claim under 42 U.S.C. § 1983. As noted above, plaintiff contends in his response to the show cause order that he was discriminated against on the basis of his race by the Florida State Highway Patrol officers at the scene. He does not, however, assert that any of the defendants *presently* named in this case are state actors or that they took any action under color of state law as required to support a § 1983 claim. The Federal Rules of Civil Procedure do not provide for fictitious party practice, and plaintiff's professed intention to amend his complaint to add the Florida Highway Patrol officers after he ascertains their identities does not provide a basis for maintaining plaintiff's § 1983 claims against the named defendants. Since plaintiff does not allege or otherwise contend that the named defendants have engaged in activity fairly attributable to the state, he cannot establish his § 1983 claims against them. Brentwood Academy v. Tennessee Secondary School Athletic Association, 531 U.S. 288, (2001)("[S]tate action [subject to the Fourteenth Amendment] may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'")(citations omitted); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992); cf. Nobles v. Alabama Christian Academy, 917 F. Supp. 786, 788-89 (M.D. Ala. 1996)(describing the three tests recognized by the Eleventh Circuit for establishing "state action" by someone who is otherwise a private person).

Accordingly, and for good cause, it is

ORDERED that: (1) plaintiff's claims against defendant Lillian Frieson are DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(i) on the basis of plaintiff's demand that she be dismissed from this action; (2) plaintiff's § 1983 claims against defendants Richard Smith and Eloise Smith are DISMISSED without prejudice for plaintiff's failure to allege any facts in his complaint or other pleadings which would support a finding of the state action required to support a claim under the Fourteenth Amendment and 42 U.S.C. § 1983; (3) to the extent the complaint asserts any state law claims, the court declines to exercise supplemental jurisdiction over those claims and those claims are DISMISSED without prejudice.

It is further ORDERED that the motion to dismiss filed by defendants Richard and Eloise Smith (Doc. # 18) is DENIED as MOOT.[2]

DONE this 23rd day of January, 2006.

        /s/  W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[2] In view of the dismissal of the claims on the basis of plaintiff's response to the show cause order, it is not necessary to reach the motion to dismiss.